**STATE OF FLORIDA v. COUNTY OF MONROE, STATE OF FLORIDA, a political subdivision of the State, duly existing under the laws of the State of Florida, by and through W. A. Parrish, E. C. Gomez, Clarence S. Higgs, et al., as and constituting the Board of County Commissioners of Monroe County, Florida.**

27 So. (2nd) 339          June Term, 1946
September 13, 1946          Division A

*Glenn C. Mincer,* State Attorney, and *William V. Albur,* Assistant State Attorney, for appellant.

*Julius F. Stone, Jr.,* and *J. Lancelot Lester,* for appellee.

**BUFORD, J.:**

Appeal is from decree validating an issue of $250,000 of recreational facilities bonds to be known as Bathing Beach Bonds and as authorized by chapter 23418, Special Acts of 1945.

The only question presented for our consideration here is:

"Were the bonds purportedly validated first approved by a majority of the votes cast in an election in which a majority of the free-holders who are qualified electors residing in Monroe County participated?"

The record shows that section 103.06, Fla. Statutes of 1941 (same F.S.A.) was complied with.

The certified copy of the list of qualified electors required by section 103.06 as made by the Supervisor of Registration showed the names of 617 electors qualified to vote in the bond election. The record of the minutes of the Board of County Commissioners shows that of this number 425 electors voted in the election and that of this number 277 voted in favor of the bond issue, 139 voted against the bond issue and there were 9 blank ballots.

It will be observed that section 103.06 provides that the list of qualified electors when made in accordance with the provisions of that section "shall be deemed, taken and held to be prima facie evidence of the total number of qualified electors who are freeholders residing in such county . . . "

There was some evidence introduced which might be construed to cast the shadow of suspicion over the bona fides of this certificate, but the Chancellor has definitely held that,

"That all proceedings required by the laws of the State of Florida with respect to authorization and issuance of Bathing Beach Bonds described in the petition in this cause have been duly had and taken by the governing body and other officials of Monroe County, Florida.

That pursuant to proper and valid notice, an election was held in accordance with the laws of Florida, in which participated a majority of the freeholders of Monroe County who were qualified and authorized to vote at such election, and a majority of the votes cast by such qualified electors were in favor of the issuance of said bonds, in accordance with the

laws of Florida, and of Section 6 of Article IX of the Constitution of Florida."—and has decreed:

"That the authorizing election, and all steps taken therein, were in accordance with the laws of Florida and the provisions of Section 6 of Article IX of the Constitution of Florida, and all laws of the State of Florida with reference to such election have been met and complied with in every respect."

We find nothing in the record sufficient to overcome the prima facie correctness of the certificate made by the Supervisor of Registration; nor is there anything in the record which will warrant us in reversing the findings and decree of the Chancellor.

Therefore, the decree appealed from is affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.